PROB 12C
(6/16)

Report Date:  August 31, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 01, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Lacondina Rose Senator          Case Number: 0980 1:17CR02058-SAB-1

Address of Offender:                                                          Spokane, Washington 99223

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: September 5, 2018

Original Offense:          Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)

Original Sentence:        Prison - 30 Months          Type of Supervision: Supervised Release
                                        TSR - 36 Months

Asst. U.S. Attorney:    Thomas J. Hanlon          Date Supervision Commenced: February 25, 2020

Defense Attorney:        Federal Public Defender          Date Supervision Expires: February 24, 2023

---

## PETITIONING THE COURT

### To issue a SUMMONS.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |

**Supporting Evidence**: Ms. Lacondina Senator is alleged to have violated mandatory condition number 3 by ingesting morphine on two separate occasions, with her most recent use of the substance occurring on or about August 26, 2020, based on urinalysis testing and the client's admission of such use.

On February 26, 2020, Ms. Senator signed her conditions relative to case number 1:17CR02058-SAB-1, indicating she understood all conditions as ordered by the Court. Specifically, Ms. Senator was made aware by her U.S. probation officer that she was required to refrain from the use of controlled substances.

Specifically, on August 26, 2020, the undersigned officer received a voice mail from urinalysis testing staff employed by Pioneer Human Services (PHS) in Spokane, indicating that Ms. Senator had reported on the day in question to participate in random urinalysis testing as required, but who expressed concern that Ms. Senator was attempting to defeat the urinalysis testing process. Despite attempting to return the voice mail, the undersigned officer was not able to make contact with the reporting staff member on the day in question.

Prob12C
**Re: Senator, Lacondina Rose**
**August 31, 2020**
**Page 2**

On August 27, 2020, the undersigned officer received notification from PHS staff that Ms. Senator had ultimately submitted to urinalysis testing on August 26, 2020, and had submitted a urinalysis sample that reflected as being presumptive positive for morphine. In addition to the urinalysis testing results, a drug use admission form was received by the undersigned officer in which the client signed her name acknowledging and admitting to ingesting morphine as previously occurring on or about August 26, 2020.

A written staff statement was additionally received by the U.S. Probation Office on the day in question outlining Ms. Senator's apparent attempt to defeat the urinalysis testing process. According to the observation report, Ms. Senator, during her first attempt to provide a urinalysis sample, was observed by staff to have leaned forward, and then moved one of her hands into her pants. Ms. Senator was advised that her hands must remain visible, at which time staff observed her to have "shifted" something before removing her hand from her pants, and advising staff that she could not provide a sample at that time. Staff observed that she then stood up at which time a "bottle device" was clearly visible on her right hip in her waistband.

Ms. Senator was later subsequently provided a second opportunity to submit a sample for testing, at which time she was instructed to lower her pants prior to submitting the sample, so that staff could verify that she was not again attempting to use a device, at which time no device was observed as being present. Ms. Senator then provided a urinalysis sample that reflected as being presumptive positive for morphine. Ms. Senator advised staff that she was nervous about "being dirty" which is why she was previously unable to provide a sample for testing, and ultimately signed a drug use admission form documenting her use of morphine most recently occurring on the day in question.

On August 27, 2020, Ms. Senator was contacted telephonically by the undersigned officer and confronted as to the content as outlined herein. Ms. Senator did admit to ingesting a "morphine pill" approximately a month and half ago, and then again most recently on August 25, 2020, noting that she had in fact not used on August 26, 2020, as she had previously admitted when signing her drug use admission form. Ms. Senator denied at any point attempting to defeat the urinalysis testing process, even after being confronted with the statements made by staff as to their observations relative to her device.

The U.S. Probation Office respectfully recommends the Court issue a **SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | August 31, 2020 |
|---|---|
| | s/Chris Heinen |
| | Chris Heinen |
| | U.S. Probation Officer |

Prob12C
**Re: Senator, Lacondina Rose**
**August 31, 2020**
**Page 3**

THE COURT ORDERS

[  ]    No Action
[  ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[  ]    Other

Signature of Judicial Officer

9/1/2020

Date